# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF ALABAMA RECEIVED
### NORTHERN DIVISION

2006 APR 25 P 2: 50

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

JOHNNIE BOGAN, as next best friend )
on behalf of her minor daughter )
JENNIFER BOGAN )
                                   )
        Plaintiff, )
                                   )
vs. )
                                   )
TOWN OF AUTAUGAVILLE, A )
Municipal Corporation organized under )    CASE NO: 2:06CV376-Srw
the laws of the State of Alabama; )
LE VAN JOHNSON, Individually and in )
 his official capacity as Police Chief of the )    **DEMAND FOR JURY TRIAL**
 Town of Autaugaville; )

        Defendants.

## COMPLAINT

### PARTIES

1. Plaintiff, Johnnie Bogan, is a black female over the age of nineteen, the next best friend of her

minor daughter Jennifer Bogan, a black female, who is under the age of nineteen and both are

resident citizens of Autauga County, Alabama. The Plaintiff and her minor daughter resides within

the area encompassed by the United States District Court for the Middle District of Alabama,

Northern Division.


2. Defendant, Le Van Johnson, a white male, is the Police Chief for the Town of Autaugaville, a

citizen of Autauga County and over the age of nineteen. Defendant Johnson is sued in his

individual capacity and in his official capacity as the Police Chief of the Town of Autaugaville.

1

The Defendant resides within the area encompassed by the United States District Court for the Middle District of Alabama, Northern Division.

3. Defendant, Town of Autaugaville, which is a municipality, chartered under the laws of the State of Alabama and is located within the area encompassed by the United States District Court for the Middle District of Alabama, Northern Division.

## JURISDICTION AND VENUE

4. The Plaintiff files this complaint and invokes the jurisdiction of this Honorable Court under and by virtue of 42 U.S.C. §1983 and the Constitution of the United States of America, Amendments IV, V, and XIV. All actions occurred within the area encompassed by the United States District Court for the Middle District of Alabama, Northern Division.

## FACTS

5. On or about November 19, 2004, Jennifer Bogan was attending Autauga County High School, in Autaugaville, Autauga County, Alabama.

6. While Jennifer Bogan was at lunch with permission from her teacher, she left the lunch room to go on an errand. As Jennifer Bogan entered the breezeway she started talking to several other female students.

7. Defendant, Le Van Johnson saw the girls talking and went to the area to investigate.

2

8.  Upon reaching the area where the students were Defendant Johnson started questioning Jennifer Bogan about where she was supposed to be during that period.

9.  Jennifer Bogan indicated to the Defendant that she had no where to be, and that she was out in the breeze way by permission of her teacher.

10.  In spite of Jennifer Bogan's explanation, Defendant Johnson directed her to go to where she was suppose to be.  When she left the area Defendant Johnson followed her.

11.  Jennifer Bogan proceeded to go to the bathroom and the Defendant continued to follow her.

12.  After Jennifer Bogan entered  into the girl's bathroom Defendant Johnson entered the girls bathroom and confronted her telling her that she needed to come with him.

13.  Jennifer Bogan indicated to the Defendant that she had not done anything and that she was not going anywhere. She then proceeded to the lunchroom and sat down at the lunchroom table with her class.

14. Jennifer Bogan's teacher, Mrs. Bonita Stewart, instructed the class to get up from the table and go to class.  Jennifer left the lunch room with her class.  As she got out into the hall, Defendant Johnson came up behind her and without saying a word, grabbed her and started pushing her toward the wall and attempted to place handcuffs on her.  A struggle ensued and

3

Defendant Johnson and Jennifer Bogan ended up in the drink room. Student Barrier Owen got between Defendant Johnson and Jennifer Bogan and calmed her down. Defendant Johnson never informed Jennifer she was under arrest prior to touching her. Only after the altercation did Johnson inform her that she was under arrest. Defendant Johnson handcuffed Jennifer Bogan and transported her to the Autaugaville Police Station.

15. At no time did the Defendant see the Jennifer Bogan violating any known municipal or state law.

16. Jennifer Bogan was held at the Police Station in custody without being advised of what laws she had broken or being advised of what rights she had as a juvenile defendant. She was held at the police station for hours.

17. Later that day, Jennifer Bogan was released from custody to her parents.

18. At the time of the release, Jennifer still had not been informed of the reason for her arrest.

19. Weeks subsequent to release, the Defendant, Le Van Johnson, filed a petition, whereby Jennifer Bogan was charged as a juvenile for the crimes of assault, harassment, and disorderly conduct at the school.

20. On June 15, 2005, Jennifer Bogan was tried in the Juvenile Court of Autauga County,

4

Alabama.

21. This case was heard by the Honorable Phillip W. Wood who on October 17, 2005, found Jennifer Bogan not guilty of all charges. (Exhibit 1, 2 & 3)

## COUNT I- UNREASONABLE SEARCH AND SEIZURE
## VIOLATION OF AMENDMENT IV

22. The Plaintiff hereby adopts and realleges paragraphs 1-21 as if fully set out herein.

23. The Plaintiff avers and alleges that the apprehension and arrest of Jennifer Bogan was an unreasonable search and seizure of her person by Defendant Johnson. Jennifer Bogan had violated no municipal, state or federal law at the time of her arrest and seizure. Said arrest of Jennifer Bogan by Defendant Johnson while acting under the color of state law violated Jennifer Bogan's right to be secure in her person against unreasonable searched and seizures as guaranteed by the Constitution of the United States of America, amendment IV.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays this Honorable Court will grant the following relief:

A. That the jury will award the Plaintiff a sum of money for compensatory relief which the jury, heard on the facts and circumstances, deems appropriate to adequately and properly compensate the Plaintiff.

B. That the jury will award Plaintiff a sum of money for punitive damages which the jury, based on the facts and circumstances, deems appropriate and adequate to punish the

5

Defendant so as to stop such behavior in the future.

         C.  Award such attorney fees, court costs, and expenses as this Honorable Court deems fair and appropriate.

         D.  Such other and further relief as this Honorable Court deems fair, appropriate and adequate.

**COUNT II- DEPRIVATION OF LIBERTY**
**DUE PROCESS**

24. The Plaintiff hereby adopts and realleges paragraphs 1-23 as if fully set out herein.

25. The Plaintiff avers and alleges that the arrest of Jennifer Bogan, without probable cause or a warrant for her arrest by Defendant Johnson while he was acting under color of state law, deprived her of liberty without due process of law as guaranteed to her by the Constitution of the United States of America, Amendment V and Amendment XIV.

         **WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays this Honorable Court will grant the following relief:

         A.  That the jury will award the Plaintiff a sum of money for compensatory relief which the jury, heard on the facts and circumstances, deems appropriate to adequately and properly compensate the Plaintiff.

         B.  That the jury will award Plaintiff a sum of money for punitive damages which the jury, based on the facts and circumstances, deems appropriate and adequate to punish the Defendant so as to stop such behavior in the future.

6

C.  Award such attorney fees, court costs, and expenses as this Honorable Court deems fair and appropriate.

D.  Such other and further relief as this Honorable Court deems fair, appropriate and adequate.

### COUNT-III- EQUAL PROTECTION

26.  The Plaintiff hereby adopts and realleges paragraphs 1-25 as if fully set out herein.

27.  The Plaintiff avers and alleges that the arrest of Jennifer Bogan, without a warrant or probable cause, by Defendant Johnson while acting under color of state law, treated her different from similarly situated individuals.  As a result of her illegal arrest, said Jennifer Bogan was deprived of liberty without due process of law, and denied equal protection of law as guaranteed to her by the Constitution of the United States of America, Amendment XIV.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff prays this Honorable Court will grant the following relief:

A.  That the jury will award the Plaintiff a sum of money for compensatory relief which the jury, heard on the facts and circumstances, deems appropriate to adequately and properly compensate the Plaintiff.

B.  That the jury will award Plaintiff a sum of money for punitive damages which the jury, based on the facts and circumstances, deems appropriate and adequate to punish the Defendant so as to stop such behavior in the future.

C.  Award such attorney fees, court costs, and expenses as this Honorable Court

7

deems fair and appropriate.

        D.  Such other and further relief as this Honorable Court deems fair, appropriate and adequate.

## COUNT IV- HARASSMENT/ASSAULT

28.  The Plaintiff hereby adopts and realleges paragraphs 1-27 as if fully set out herein.

29.  Jennifer Bogan was never informed that she was under arrest prior to the Defendant harassing her, grabbing her and slamming her into the lockers.

30.  Jennifer Bogan avers and alleges that the Defendant grabbing her around the neck and slamming her into the lockers constituted unlawful harassment and assault.

31.  At the time of the Defendant Johnson's actions he was acting under color of state law and his actions constituted harassment and assault.

        **WHEREFORE, PREMISES CONSIDERED,** the Plaintiff prays this Honorable Court will grant the following relief:

        A.  That the jury will award the Plaintiff a sum of money for compensatory relief which the jury, heard on the facts and circumstances, deems appropriate to adequately and properly compensate the Plaintiff.

        B.  That the jury will award Plaintiff a sum of money for punitive damages which the jury, based on the facts and circumstances, deems appropriate and adequate to punish the

Defendant so as to stop such behavior in the future.

C.  Such other and further relief as this Honorable Court deems fair, appropriate and adequate.

## COUNT V- MALICIOUS PROSECUTION

32.  The Plaintiff hereby adopts and realleges paragraphs 1-31 as if fully set out herein.

33.  After the Defendant had  harassed and assaulted  Jennifer Bogan, he initiated legal proceedings against the her by handcuffing her and taking her to the police station for processing.

34.  The Plaintiff avers and alleges that the Defendant knew or should have known that Jennifer Bogan had not violated any known laws but nevertheless initiated criminal proceedings against her.

35.  Jennifer Bogan was caused to incur damages that she had to endure the mental distress of being arrested and tried for disorderly conduct, harassment and assault.  Also, Jennifer Bogan incurred damages in that she was handcuffed and held out for ridicule by Defendant Johnson, in front of her classmates and teachers.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays this Honorable Court will grant the following relief:

A.  That the jury will award the Plaintiff a sum of money for compensatory relief

9

which the jury, heard on the facts and circumstances, deems appropriate to adequately and properly compensate the Plaintiff.

B. That the jury will award Plaintiff a sum of money for punitive damages which the jury, based on the facts and circumstances, deems appropriate and adequate to punish the Defendant so as to stop such behavior in the future.

C. Such other and further relief as this Honorable Court deems fair, appropriate and adequate.

## COUNT VI- RETALIATION

36. The Plaintiff hereby adopts and realleges paragraphs 1-35 as if fully set out herein.

37. The Plaintiff avers and alleges that Jennifer Bogan was found not guilty on all charges filed by the Defendant, the Defendant once again attempted to harass, intimidate and retaliate against Jennifer Bogan for the incident that occurred on November 19, 2004 at Autauga County High School.

38. The Plaintiff averes and alleges that on October, 27, 2005, the Defendant saw Jennifer Bogan operating her automobile and, under the false pretense of stopping her for alleged speeding, the Defendant issued a ticket to Jennifer Bogan.

39. The Plaintiff averes and alleges that on the date in question, the Defendant was seeking only to retaliate for having lost the Court cases he had initiated against Jennifer Bogan.

**WHEREFORE, PREMISES CONSIDERED**, the Plaintiff prays this Honorable Court will grant the following relief:

A.  That the jury will award the Plaintiff a sum of money for compensatory relief which the jury, heard on the facts and circumstances, deems appropriate to adequately and properly compensate the Plaintiff.

B.  That the jury will award Plaintiff a sum of money for punitive damages which the jury, based on the facts and circumstances, deems appropriate and adequate to punish the Defendant so as to stop such behavior in the future.

C.  Such other and further relief as this Honorable Court deems fair, appropriate and adequate.

### COUNT VII-AGENCY

40.  The Plaintiff hereby adopts and realleges paragraphs 1-30 as if fully set out herein.

41.  During all of the incidents and encounters between Jennifer Bogan and Defendant Johnson, Johnson was acting under color of state law.

42.  In that Defendant Johnson, as Police chief, duly appointed by the Town of Autaugaville, he was the Defendant city's agent, and accordingly Defendant, Town of Autaugaville is responsible for his conduct.

**WHEREFORE, PREMISES CONSIDERED,** the Plaintiff prays this Honorable Court will grant the following relief:

11

A.  That the jury will award the Plaintiff a sum of money for compensatory relief which the jury, heard on the facts and circumstances, deems appropriate to adequately and properly compensate the Plaintiff.

B.  That the jury will award Plaintiff a sum of money for punitive damages which the jury, based on the facts and circumstances, deems appropriate and adequate to punish the Defendant so as to stop such behavior in the future.

C.  Such other and further relief as this Honorable Court deems fair, appropriate and adequate.

### TRIAL BY JURY DEMANDED

Respectfully submitted,

Johnnie Bogan as next best friend
On behalf of her minor daughter
Jennifer Bogan
**Plaintiff**

STATE OF ALABAMA          )
COUNTY OF TUSCALOOSA   )

On this the 24th day of April, 2006, before me, a Notary Public for the State of Alabama, duly commissioned and sworn, personally appeared Johnnie Bogan, known to me to be the person whose name is subscribed to the within instrument, and acknowledged that she executed the same.

12

**IN WITNESS WHEREOF,** I have hereunto set my hand and affixed my official seal the day and year in this certificate first above written.

Notary Public

My Comm. Expires _06-01-08_

BY:

JIM L. DEBARDELABEN (DEB003)
Attorney for Plaintiff

MILTON J. WESTRY (WES021)
Attorney for Plaintiff

OF COUNSEL:
JIM L. DEBARDELABEN
MILTON J. WESTRY
Attorneys At Law
Post Office Box 152
1505 Madison Avenue (36107)
Montgomery, Alabama   36101-0152
(334) 265-9206

13