IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| Johnnie Bogan, as next best friend on behalf of her minor daughter, J.B. | * * * | |
| Plaintiffs, | * * | |
| vs. | * * | 2:06-376-SRW |
| Town of Autaugaville, et al., | * * | |
| Defendants. | * | |

### DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT

COME NOW Defendants, by and through counsel, and state the following as their answer to Plaintiffs' complaint:

1. Admit.

2. These Defendants admit that Chief Le Van Johnson is the police chief of the Town of Autaugaville and a citizen of Autauga County and over the age of nineteen. Further, these Defendants admit that Le Van Johnson resides in an area encompassed by the United States District Court for the Middle District of Alabama, Northern Division.

3. Admit.

4. Admit.

5. Admit.

6. Denied.

7. Denied.

8. These Defendants admit that one of the things that Chief Johnson spoke to J.B. about was where she was scheduled to be during that period.

9. Denied.

10. Denied.

11. Denied.

12. Denied.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Admit.

18. Denied.

19. Denied.

20. Admit.

21. Admit.

22. These Defendants deny count one of Plaintiffs' complaint and demand strict proof thereof.

23. These Defendants deny count two of Plaintiffs' complaint and demand strict proof thereof.

24. These Defendants deny count three of Plaintiffs' complaint and demand strict proof thereof.

25. These Defendants deny count four of Plaintiffs' complaint and demand strict proof thereof.

26. These Defendants deny count five of Plaintiffs' complaint and demand strict proof thereof.

27. These Defendants deny count six of Plaintiffs' complaint and demand strict proof thereof.

28. These Defendants deny count seven of Plaintiffs' complaint and demand strict proof thereof.

## AFFIRMATIVE DEFENSES

1. These Defendants affirmatively plead that Plaintiffs' complaint fails to state a claim upon which relief can be granted as to the Town of Autaugaville, Alabama.

2. These Defendants affirmatively plead that Plaintiffs failed to comply with statutory requirements to maintain this lawsuit.

3. These Defendants affirmatively plead that their actions were based on probable cause.

4. These Defendants affirmatively plead the de minimus force doctrine.

5. These Defendants affirmatively plead qualified immunity.

6. These Defendants affirmatively plead discretionary function immunity.

7. These Defendants affirmatively plead immunity provided by Alabama Code §6-1-334.

8. These Defendants affirmatively plead immunity as discussed in *ex parte Cranman*.

9. These Defendants affirmatively plead they are immune from civil action.

10. These Defendants affirmatively plead the general issue.

11. These Defendants affirmatively plead that Plaintiffs failed to allege that a policy or custom of the Town of Autaugaville, Alabama, was the proximate cause of their alleged civil rights deprivation.

12. These Defendants affirmatively plead Plaintiffs' complaint against the Town of Autaugaville, Alabama is due to be dismissed in its entirety.

13. These Defendants affirmatively plead that Plaintiffs' own actions caused or contributed to her alleged injuries.

14. These Defendants affirmatively plead that any damages awarded in this case are limited by statute.

15. These Defendants affirmatively plead their actions are the same as a reasonable officer.

16. These Defendants affirmatively plead that punitive damages may not be awarded in this case.

17. These Defendants affirmatively plead substantive immunity.

18. These Defendants affirmatively plead immunity provided by Alabama Code § 11-47-190.

19. These Defendants affirmatively plead that a municipality cannot form the requisite mental state to be liable for intentional torts.

20. These Defendants affirmatively plead that a policy or custom of the Town of Autaugaville, Alabama, was not the proximate cause of the Plaintiffs' alleged constitutional deprivations.

21. These Defendants affirmatively plead that any search or seizure of Plaintiff was not unreasonable.

22. These Defendants affirmatively plead that Plaintiffs' response prompted Defendants' reaction.

23. These Defendants affirmatively plead that Plaintiffs' due process claim fails because Plaintiff did not and cannot identify a state remedial procedure that was withheld or unavailable.

24. These Defendants affirmatively plead that Plaintiffs were not deprived of due process as she was found not guilty in the court of law.

25. These Defendants affirmatively plead that Plaintiff was given the notice and opportunity to be heard, thus negating her due process claim.

26. These Defendants affirmatively plead that Plaintiffs' equal protection claim is without merit as Plaintiff was treated the same as all other individuals violating the law in the school system.

27. These Defendants affirmatively plead that Plaintiffs' equal protection claim is without merit, as Plaintiffs fail to identify an individual with whom she was similarly situated.

28. These Defendants affirmatively plead that Chief Johnson had a legal obligation and responsibility to touch Plaintiff and the touching was not unlawful or done in a harassing manner.

29. These Defendants affirmatively plead that a municipality cannot be liable for malicious prosecution.

30. These Defendants affirmatively plead that any legal process was not instituted with malice.

31. These Defendants affirmatively plead that any charges against Plaintiff were initiated with probable cause.

32. These Defendants affirmatively plead that there is no cause of action termed "retaliation" in Alabama.

33. These Defendants affirmatively plead that any traffic ticket issued to Plaintiff was legitimate.

34. These Defendants affirmatively plead that Plaintiffs' agency claims fail as a matter of law against the Town of Autaugaville, as constitutional claims against a municipality cannot be based on agency principle.

35. These Defendants affirmatively plead that Plaintiffs failed to preserve any cause of action against a municipality because Plaintiffs fail to allege that any wrong was done, or suffered through neglect, carelessness, or unskillfulness of an agent of the municipality.

/s/ Rick A. Howard
ALEX L. HOLTSFORD, JR. (HOL048)
RICK A. HOWARD (HOW045)
APRIL W. MCKAY (WIL304)
Attorneys for Defendants

OF COUNSEL:
Nix Holtsford Gilliland
    Higgins & Hitson, P.C.
P.O. Box 4128
Montgomery, AL 36103-4128
(334) 215-8585

## CERTIFICATE OF SERVICE

I hereby certify that I have this day sent by electronic means through the Court's electronic filing system, an exact copy of the foregoing document to:

Jim L. Debardelaben
1505 Madison Avenue
Post Office Box 152
Montgomery, AL 36101-0152

This the 3rd day of May, 2006.

_____
OF COUNSEL